**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30117 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00146-LRS-1 |
| v. | |
| DALLAS C. HERMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief District Judge, Presiding

Argued and Submitted February 8, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

After entering a conditional plea of guilty to one count of possession with

intent to distribute 50 grams or more of a methamphetamine mixture in violation of

21 U.S.C. § 841(a)(1), Dallas Herman appeals the district court's denial of his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion to suppress evidence. Herman argues that the court's factual findings were clearly erroneous because the court credited inconsistent testimony by the arresting officer, Trooper Walker. Herman also argues that the search of his car was illegal under the Fourth Amendment in light of *Arizona v. Gant*, 129 S. Ct. 1710 (2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A district court's denial of a motion to suppress is reviewed de novo and its factual findings for clear error." *United States v. Jennen*, 596 F.3d 594, 597 (9th Cir. 2010). Here, the district court did not clearly err in crediting the testimony of Trooper Walker. There were some inconsistencies between Walker's two reports regarding his subjective reasons for the stop, search, and arrest and some internal inconsistencies in Walker's testimony about the timing of Herman's formal arrest. Walker's testimony was consistent, however, regarding Herman's erratic driving, indications that Herman was intoxicated, and Herman's evasive behavior when asked about weapons. We give special deference to the district court's credibility determinations. *United States v. Haswood*, 350 F.3d 1024, 1028 (9th Cir. 2003). Here, we cannot conclude that, in light of all the evidence, the trial court reached a credibility decision that falls outside "the permissible choices the court could have made." *United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).

2

The district court properly ruled that the search of Herman's car did not violate the Fourth Amendment. First, Herman does not contest the validity of the traffic stop. Second, we conclude that Walker's observation that Herman was intoxicated together with Herman's evasive movements when asked about weapons created reasonable suspicion that Herman might be armed and dangerous, thus justifying Walker in ordering Herman out of the car and performing a pat down frisk. *United States v. Hartz*, 458 F.3d 1011, 1018 (9th Cir. 2006). We also conclude that the scope of the frisk did not exceed constitutional limits. *See id*.

Further, we agree with the district court that Trooper Walker had probable cause to search Herman's car. "Probable cause to search is evaluated in light of the totality of the circumstances." *United States v. Pinela-Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001). We conclude that the residue found on the spoon discovered in Herman's pocket, together with all of Trooper Walker's observations regarding Herman's appearance and behavior, created probable cause to search the car. Thus, the search was justified under the automobile exception. *United States v. Ross*, 456 U.S. 798, 809 (1982) (holding that a search of an automobile is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained).

Because the government need not justify the search of Herman's vehicle as incident to a valid arrest, *Gant* has no application here.  We conclude, however, that even as a search incident to arrest, the search of the vehicle was proper because it was reasonable to believe that evidence of the crimes of arrest—possession of methamphetamine and driving under the influence of narcotics—might be found in the car.  *See Gant*, 129 S. Ct. at 1719.

AFFIRMED